UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GREGORY LYNN OGLES,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | } Case No.: 2:14-cv-00641-MHH |
| | } |
| **NANCY BUCKNER, et al.,** | } |
| | } |
| **Defendants.** | } |

## MEMORANDUM OPINION

On May 8, 2015, Chief Magistrate Judge John Ott entered a report and recommendation concerning the defendants' converted motion for summary judgment.[1] (Doc. 20). In his report, Judge Ott recommended that the Court grant the defendants' motion for summary judgment on Mr. Ogles's federal claims and decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). Judge Ott explained to the parties that they had fourteen days in which to file objections to the recommendation. (Doc. 20, p. 29). No party has filed objections.

---

[1] Because the defendants submitted two affidavits in support of their motion to dismiss, Judge Ott advised the parties that the Court would treat the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56 to the extent that the Court considered the affidavits in ruling on the motion. (*See* Doc. 14). Judge Ott gave the parties an opportunity to submit additional material, and, at Mr. Ogles's request, Judge Ott heard oral argument on the motion. (*See* Docs. 14, 15, 16, 17, 18, 19).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes timely objections to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

When no party objects, the district court does not have to conduct a de novo review.  *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted).  In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews

the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of objections; however, other courts in this Circuit have adopted such a position. *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (N.D. Ala. Mar. 29, 2013) (portions of a report and recommendation "to which no objection is filed are reviewed only for clear error").

Based on the Court's review of the record, the Court does not find that Chief Magistrate Judge Ott clearly erred in his May 8, 2015 report and recommendation. Therefore, the Court **ADOPTS** the May 8, 2015 report and **ACCEPTS** Judge Ott's recommendation that the Court grant the defendants' motion for summary

judgment on Mr. Ogles's federal claims.[2] The Court declines to exercise supplemental jurisdiction over Mr. Ogles's state law claims. 28 U.S.C. § 1367(c)(3); *see also* 28 U.S.C. § 1367(d) (supplemental jurisdiction tolling provision). The Court will enter a separate order consistent with this memorandum opinion.

The Court **DIRECTS** the Clerk to please mail a copy of this memorandum opinion to Mr. Ogles.

**DONE** and **ORDERED** this July 22, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the defendants contend that the Court lacks jurisdiction over some of Mr. Ogles's claims because, the defendants argue, Mr. Ogles lacks standing to pursue those claims. (Doc. 6, pp. 41-44; Doc. 11, p. 3). The defendants observe correctly that lack of standing implicates federal subject matter jurisdiction. *See Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 974 (11th Cir. 2005). Ordinarily, the Court must resolve challenges to subject matter jurisdiction because in the absence of jurisdiction, the Court is powerless to act. *See Nalls v. Countrywide Home Services, LLC*, 279 Fed. Appx. 824, 825 (11th Cir. 2008) ("The district court 'should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings' and is obligated to do so '*sua sponte* whenever [subject matter jurisdiction] may be lacking.' If a district court determines that it lacks subject matter jurisdiction, it 'is powerless to continue' and must dismiss the complaint.") (quoting *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999)); *Bochese,* 405 F.3d at 974 ("'[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims' . . . and, as with any jurisdictional requisite, we are powerless to hear a case when [standing] is lacking.") (quoting *Dillard v. Baldwin County Comm'rs,* 225 F.3d 1271, 1275 (11th Cir. 2000)). Although the defendants' briefs are not entirely clear, it appears that the defendants' standing argument pertains only to some of Mr. Ogles's claims against some of the defendants so that the argument, if persuasive, would not deprive the Court entirely of subject matter jurisdiction over this action. Therefore, the Court adopts the summary judgment analysis in the Report and Recommendation.